ORIGINAL

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

IRIZARRY, J.

CV11 - 1413

POHORELSKY, M.J.

|  |  |  |
|---|---|---|
| Web-adviso, J. Taikwok Yung | : | |
| | : | |
| Plaintiff, | : | |
| | : | __ Civ. __ |
| - against - | : | |
| | : | |
| Donald J. Trump, | : | **COMPLAINT FOR** |
| | : | **DECLARATORY** |
| | : | **JUDGMENT** |
| | : | |
| Defendant. | x | |



RECEIVED
MAR 2 2 2011
PRO SE OFFICE

## NATURE OF ACTION

[1.]   This complaint arises from the domain name dispute between Web-advsio, J. Taikwok

Yung and Donald J. Trump over the at-issue domains trumpabudhabi.com,

trumpbeijing.com, trumpindia.com and trumpmumbai.com (Donald J. Trump  v Web-

increasing content which takes significant time to program, customize and debug the

adviso - D2010-2220).  A decision was issued which granted the transfer of the at-issue domain names to Donald J. Trump which the Plaintiff believes the decision was unjust.  The Plaintiff is seeking relief to keep the at-issue domain names.

[2.]    The Plaintiff is requesting a declaration that the Plaintiff is entitled to the use of the disputed domain name, trumpabudhabi.com, trumpbeijing.com, trumpindia.com and trumpmumbai.com (hereinafter "at-issue domains"), and that there is no infringement of any trademark rights alleged by the Defendant, and that any alleged "trump" mark claimed to be owned by Defendant is invalid and/or unenforceable in the United States. This action arises out of the Declaratory Judgment Act, 28 United States Code §§ 2201 and 2202; the Anticybersquatting Consumer Protection Act, 15 United States Code §§ 1114 and 28 United States Code § 1331 (hereinafter "ACPA"); the trademark laws of the United States Titled 15 USC § 1051, et seq.; and the Uniform Dispute Resolution Policy paragraph 4(K) (hereinafter "Policy").


**THE PARTIES**

[3.]    The Plaintiff, Web-adviso, is a web-developer and a "domainer" (the correct and non-ignorant term) group consisting of J. Taikwok Yung, a former U.S. Marine who hope to educate and interest other recent retired returning Marines living across the U.S. about the opportunities available on the INTERNET and also to properly and preemptively inform/prepare them against corporate evils that attempts to harvest their sacrifices and financial security in the name of corporate, wall street and real estate profits.  The Plaintiff's purpose is to acquire interesting and high value domain names and park them initially with domain parking service providers and/or build the website, if feasible, with interesting content which takes significant time to program, customize and debug the

back-end codes.  The Plaintiff registered the at-issue domains with GoDaddy.com

registrar on Thur. Sept. 20, 2007 and Tues. Nov. 27, 2007.

[4.]  Donald J. Trump is a self-proclaimed personality and businessman with no specific

specialty in one industry.  Instead Donald J. Trump dabbles in numerous endeavors

ranging from wealth-building education with those "come-on" infomercials

broadcasts at midnight targeting poor minorities to running a ultra low budget "no-

pay for non-winning contestants" TV game shows like "The Apprentice".  Often times

he proclaims himself to be a billionaire (by bloated asset estimates) where numerous

sources have cast legitimate doubts about his true worth.  His successes are often times

proclaimed in the media but when put in a closer view and study, its often a false facade

to disguise big business failures.  He is known worldwide to have been such a failure in

running his businesses such as his casinos that one bankruptcy was not enough to

cheat the bondholders of their investments but that two bankruptcies have to be filed.  In

addition to that, Donald Trump is known worldwide to butcher the legal system with

frivolous complaints as a vehicle to **harass people** ranging from suing an old lady who

wouldn't sell her home to Donald Trump's real estate construction plans and to suing

Hong Kong real estate tycoons, Henry Cheng and Vincent Lo, who got sued by Donald

Trump because they didn't want play golf with him and because they sold a real estate

property to a buyer not according to the liking of Donald Trump. Donald Trump's lawyer

is Todd Martin (866 United Nations Plaza NY, NY 10017)

(212) 813-5900

**JURISDICTION AND VENUE**

[5.]  Jurisdiction of this Court arises under the Federal Declaratory Judgments Act, Title 28,

United States Code, Sections 2201 and 2202; the ACPA, 15 United States Code § 1114

and 28 United States Code § 1331; Title 28, United States Code, Section 1338(a) and 15

United States  Code, Section 1121.

[6.]  Venue properly lies in this district pursuant to 28 U.S.C. §§ 1391(b).

## FACTS

[7.]  On Thursday Sept. 20, 2007, Plaintiff acquired the at-issue domain names

trumpbeijing.com, trumpmumbai.com, trumpindia.com and on Tues. Nov. 27, 2007,

acquired trumpabudhabi.com

[8.]  The at-issue domains were established as a mainly fan parody content site with some

news and commentary.

[9.]  On Friday, Dec. 17th, 2010, the Defendant filed an action with the World Intellectual

Property Organization (hereinafter "WIPO") Arbitration and Mediation Center alleging

that the at-issue domains was confusingly similar to its marks and that the Plaintiff used

the at-issue domains in bad faith.

[10.]  A WIPO panel ruled against Plaintiff and ordered that the at-issue domains

be transferred to Defendant.

[11.]  The Defendant filed their WIPO UDRP complaint after the fact the at-issue domains

have been registered since late 2007, meaning the Defendant delayed over 3 years

since registration of the at-issue domains to bring the WIPO UDRP complaint.

[12.]  The Defendant doesn't have any real estate under construction nor have established

offices in  Abu Dhabi, UAE; Beijing, China; Mumbai nor in India before the filing of the

WIPO UDRP complaint.

[13.]  Please let the court recognize there are numerous coexisting trademarks containing or

comprised of the term "trump". The following words or alphabet combinations of

"trump",  are used widely in domain names by numerous competing and non-competing

4

companies to Donald Trump and his organizations, that includes non-profit organizations, musicians, personal blogs, ad-supported websites and etc. Likewise, please let the court also recognize there are numerous domain names consisting of the the spelling "trump" with different top-level domains or word combinations, none of which the Plaintiff nor the Defendant owns:

trumpet.com

trump-art.com

trumpcareer.com

trumpcation.com

trumpclassrooms.com

and over 17,000 more...

[14.] May the record show the Plaintiff never contacted the Defendant nor any other entities or companies about the sale of the at-issue domains because the at-issue domains are **NOT FOR SALE**. It was the Defendant's party that initially sent a legal letter to harass and threaten legal action and then filed the UDRP complaint. Also, there was no active advertisement of the at-issue domains that it was stated for sale. There is no ads, no statement to offer to sell nor any mechanism to try profit from the at-issue domains or its websites.

[15.] The Plaintiff never contacted the Defendant nor any other entity/company about the sale of the at-issue domains. It was the Defendant party that contacted the Plaintiff for a bogus offer to settle and then  filed the UDRP complaint with WIPO.

[16.] There was and still no active advertisement outside of the at-issue domains that it was stated for sale.

## FIRST CLAIM OF RELIEF

### (Declaratory Judgment That Plaintiff's Use Of The At-Issue Domain Names Is In Compliance With The ACPA)

[17.] Plaintiff incorporates each of the statements and allegations set forth in paragraphs 1-16 above as if fully set forth herein.

[18.] Defendant's attempt to acquire the at-issue domains constitutes Reverse Domain Name Hijacking under the ACPA for the following reasons:

    a. Plaintiff is the registrant of the at-issue domains;

    b. Plaintiff's domain names was ordered transferred pursuant to the WIPO arbitration proceeding to the Defendant;

    c. The Defendant has notice of the claim concurrent herewith;

    d. The Plaintiff's use of the at-issue domains is not unlawful, as the at-issue domains is not confusingly similar to the alleged trademark and generic  English word "trump" and the use of the at-issue domains is not in bad faith.

[19.] Plaintiff is entitled to a declaration that its use of the at-issue domains is in compliance with the ACPA.

## SECOND CLAIM OF RELIEF

### (Declaratory Judgment of Invalidity and Unenforceability of the alleged trademark in the United States and Non-Infringement)

[20.] Plaintiff incorporates each of the statements and allegations set forth in paragraphs 1-19 above as if fully set forth herein.

[21.] The Defendant's claim to the "trump" mark is invalid, unenforceable, and void and/or Plaintiff's use of the at-issue domains does not infringe the Defendant's trademark, for one or more of the following reasons:

a. The Defendant's claim to trademark rights of the English word "trump" is invalid and/or unenforceable due to Defendant's failure to use the trademark in commerce as defined under the trademark laws of the United States;

b. The at-issue domains does not infringe the Defendant's trademark as it is not confusingly similar.

c. The at-issue domains does not infringe the alleged trademark as the at-issue domains and the alleged trademark is not used in conjunction with similar services or products;

d. The at-issue domains does not infringe the alleged trademark as the term English word "trump" alone is generic, as it stands for the meaning "any playing card of a suit that for the time outranks the other suits, such a card being able to take any card of another suit".

[22.] Because the Defendant's claim to the alleged trademark rights of "trump" are invalid and/or unenforceable, the Plaintiff is entitled to use of the at-issue domains.

[23.] Because the at-issue domains does not infringe on the alleged trademark, the Plaintiff is entitled to use of the at-issue domains.

WHEREFORE, Plaintiff prays for the following relief:

(a) Entry of judgment that said the Defendant is without right or authority to threaten or to maintain suit against Plaintiff for alleged infringement of the

mark and generic English word "trump".

(b) Entry of judgment that Plaintiff's use of the at-issue domains is in compliance with the ACPA.

(c) Entry of judgment that the Defendant's claim to trademark "trump" is invalid, unenforceable, and void in law in the United States; and that said Mark is not infringed by Plaintiff because of the making or using of the at-issue domains.

(d) Entry of judgment that the Plaintiff is entitled to the use of the at-issue domains and for suspension of the WIPO Judgment ordering transfer of the domain names to the Defendant.

(e) Entry of judgment for Plaintiff's costs and reasonable attorney advisory fees incurred herein.

(f) For such other and further relief as the Court may deem appropriate.

Dated: March 22st, 2011

J.Taikwok Yung of Web-adviso

556 E88th St.

Brooklyn, NY 11236

Telephone:     (646) 309-8421

Fax:           (484) 251-5115

E-Mail:        sporting202@yahoo.com

8