# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

**Partners**
Ronald J. Lehrman
Stephen Bigger
Roger L. Zissu
Richard Z. Lehv
David Ehrlich
Susan Upton Douglass
Janet L. Hoffman
Peter J. Silverman
Lawrence Eli Apolzon
Barbara A. Solomon
Mark D. Engelmann
Nadine H. Jacobson
Andrew N. Fredbeck
Craig S. Mende
J. Allison Strickland
John P. Margiotta
Lydia T. Gobena
Carlos Cucurella
James D. Weinberger
David Donahue
Nancy E. Sabarra
Charles T.J. Weigell III
Laura Popp-Rosenberg
Cara A. Boyle

**Special Counsel**
Michael I. Davis

**Counsel**
James D. Silberstein
Joyce M. Ferraro
Robert A. Becker
Michael Chiappetta
Tamar Niv Bessinger
Nancy C. DiConza

**Associates**
Karen Lim
Casey M. Daum
Xiomara Triana
Jason Jones
Alexander L. Greenberg
Lesley J. Matty
Giselle C.W. Huron
Anna Leipsic
Lisa S. Yao
Leo Kittay
Carissa L. Alden
Jacqueline M. Russo
Todd Martin

November 14, 2011

**BY CM/ECF**

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United Sates District Court for
   the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Yung v. Trump*, No.: 1:11-cv-1413 (DLI) (VVP) (Our Ref.: TRMP 10/08087)

Dear Judge Pohorelsky:

We represent defendant Donald J. Trump in this matter. Pursuant to Your Honor's order on our protective order motion, Plaintiff *pro se* J. Taikwok Yung has informed us that he intends to take the deposition of Eric Trump in Room S402 at the Cadman Plaza courthouse on November 18, 2011 at 1pm. In order to ensure that the deposition is properly transcribed, our client has agreed to arrange for a certified court reporter to administer the oath, transcribe the deposition and provide plaintiff with a copy of the transcript. We write to ask for the Court's permission that a court reporter from U.S. Legal Support, Inc., 115 E. 57th Street, Suite 1230, New York, NY 10022, be permitted to enter the courthouse with the appropriate audio and transcription equipment on that date.

We sought Plaintiff's consent to join in this request, but he refused unless we agreed to let him use his own video equipment to record the deposition separately. We believe that any video recording of the deposition is superfluous, given that we are providing plaintiff with a certified copy of the transcript at our client's sole cost and expense, and further evidences Plaintiff's continued efforts to harass our client. We therefore request that he be denied the right to bring video equipment into the courthouse.

We thank the Court for its attention to this matter.

Respectfully submitted,

James D. Weinberger

cc:   J. Taikwok Yung (by email and First Class Mail)