# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

**Partners**
Ronald J. Lehrman
Stephen Bigger
Roger L. Zissu
Richard Z. Lehv
David Ehrlich
Susan Upton Douglass
Janet L. Hoffman
Peter J. Silverman
Lawrence Eli Apolzon
Barbara A. Solomon
Mark D. Engelmann
Nadine H. Jacobson
Andrew N. Fredbeck
Craig S. Mende
J. Allison Strickland
John P. Margiotta
Lydia T. Gobena
Carlos Cucurella
James D. Weinberger
David Donahue
Nancy E. Sabarra
Charles T.J. Weigell III
Laura Popp-Rosenberg
Cara A. Boyle

**Special Counsel**
Michael I. Davis

**Counsel**
James D. Silberstein
Joyce M. Ferraro
Robert A. Becker
Michael Chiappetta
Tamar Niv Bessinger
Nancy C. DiConza

**Associates**
Karen Lim
Casey M. Daum
Xiomara Triana
Jason Jones
Alexander L. Greenberg
Lesley J. Matty
Giselle C.W. Huron
Anna Leipsic
Lisa S. Yao
Leo Kittay
Carissa L. Alden
Jacqueline M. Russo
Todd Martin

November 15, 2011

**BY CM/ECF**

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United Sates District Court for
  the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Yung v. Trump*, No.: 1:11-cv-1413 (DLI) (VVP) (Our Ref.: TRMP 10/08087)

Dear Judge Pohorelsky:

We represent defendant Donald J. Trump in this matter.  We write to respond to the letter submitted yesterday by Plaintiff *pro se* J. Taikwok Yung, requesting permission to bring his own equipment to make a video recording of his deposition of Eric Trump, scheduled for November 18 at the courthouse.

Plaintiff seeks to make a video recording of the deposition – which is already being transcribed by a certified court reporter at defendant's expense – to, in his words, "mitigate th[e] risk," that defense counsel will unilaterally change the transcribed testimony after the fact.  Plaintiff is mistaken about the process.  Under Fed. R. Civ. P. 30(e), the *deponent*, not counsel, is permitted to submit changes to a deposition transcript accompanied by a written explanation for each.  The deponent must sign the so-called "errata sheet" as if it were testimony.  *Id.*  Typically, these are "[c]hanges in form, such as typographical errors [which] are entered into the transcript with an explanation as to the reason for the change."  *Id.*  Because any necessary changes will be shown on an errata sheet, with both the "before" and "after" clearly identified by transcript page and line, Plaintiff has no cause to complain that he will not be aware of any changes or that he needs a video recording in order to double-check what was actually said.[1]

Given that a video recording is not necessary for the reasons submitted in Plaintiff's November 14 letter, or for any other reason, we therefore request that he be denied permission to bring video equipment into the courthouse.

---

[1] We also note Plaintiff's mischaracterization of the Court's statements at the October 20, 2011 conference about this issue.  While the Your Honor did initially state that Plaintiff could bring in his own equipment if he was going transcribe the deposition himself, I then raised the possibility that Defendant might arrange and voluntarily pay for a court reporter in order to best preserve the record.  In response to this proposal, Your Honor stated that we were willing to arrange and pay for a court reporter, Plaintiff would not be permitted to separately record and transcribe the proceeding.

{F0911094.1 }

866 United Nations Plaza at First Avenue & 48th Street | New York, New York 10017
Phone 212.813.5900 | Fax 212.813.5901 | www.frosszelnick.com

November 15, 2011
Page 2


Respectfully submitted,

James D. Weinberger

cc:     J. Taikwok Yung (by email and First Class Mail)