# FROSS ZELNICK LEHRMAN & ZISSU, P. C.

**Partners**
Ronald J. Lehrman
Stephen Bigger
Roger L. Zissu
Richard Z. Lehv
David Ehrlich
Susan Upton Douglass
Janet L. Hoffman
Peter J. Silverman
Lawrence Eli Apolzon
Barbara A. Solomon
Mark D. Engelmann
Nadine H. Jacobson
Andrew N. Fredbeck
Craig S. Mende
J. Allison Strickland
John P. Margiotta
Lydia T. Gobena
Carlos Cucurella
James D. Weinberger
David Donahue
Nancy E. Sabarra
Charles T.J. Weigell III
Laura Popp-Rosenberg
Cara A. Boyle

**Counsel**
James D. Silberstein
Joyce M. Ferraro
Robert A. Becker
Michael Chiappetta
Tamar Niv Bessinger
Nancy C. DiConza

**Associates**
Karen Lim
Casey M. Daum
Xiomara Triana
Jason Jones
Alexander L. Greenberg
Lesley J. Matty
Giselle C.W. Huron
Anna Leipsic
Leo Kittay
Carissa L. Alden
Jacqueline M. Russo
Todd Martin

January 12, 2012

**BY CM/ECF**

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court for
   the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Yung v. Trump*, No. 1:11-cv-1413 (DLI) (VVP) (Our Ref.: TRMP 10/08087)

Dear Judge Pohorelsky:

As you know, we represent defendant Donald J. Trump in this matter. On January 10, 2012, pursuant to Your Honor's December 9, 2011 order, we submitted our substantive response to Plaintiff's renewed motion to compel the deposition of Donald Trump. While we have no interest in further prolonging the dispute, we are obligated to respond to Plaintiff *pro se* J. Taikwok Yung's January 11, 2012 letter – filed despite the fact that the Court's December 9, 2011 order permitting letter briefing on his renewed motion to compel did not provide for any such reply – in order to address the false, improper and offensive allegations made therein.

As the Court will recall, Your Honor informed Plaintiff at the December 9, 2011 conference that it would not entertain unsubstantiated allegations that Eric Trump engaged in improper behavior towards Plaintiff after the close of his deposition. Nevertheless, Plaintiff has re-raised such allegations in both of his subsequent letters to the Court. Those contained in Plaintiff's January 11 letter – which go so far as to compare Defendant and counsel to those responsible for the tragic death of a Chinese-American soldier recently reported in the press – are so absurd that they go beyond the frivolous. For the record, we again submit, on behalf of our client, as well as his son Eric Trump and the undersigned (who Plaintiff now also accuses), that such accusations are made out of whole cloth. Indeed, the January 11 letter is overpowering evidence that Plaintiff's paramount goal in this litigation is to use the resources of the Federal Courts and Defendant as a vehicle not to adjudicate any legitimate legal claim but rather to air his personal grievances – most of which appear to have no bearing on the trademark and cybersquatting claims at issue in this case – as well as to attempt to fill the public record with offensive, false accusations about the Trump family.

It is now plain – to the extent it was not already – that Plaintiff has no legitimate purpose to depose Donald Trump and that any such deposition would result in rampant harassment. We thus respectfully request that the Court order the following in addition

The Honorable Viktor V. Pohorelsky
January 12, 2012
Page 2

to the denial of Plaintiff's motion: (1) Plaintiff must limit all further submissions in this action to matters relating to the cybersquatting and trademark claims at issue in the case; (2) Plaintiff must refrain from further unsubstantiated accusations against Defendant and counsel; and (3) Plaintiff is sanctioned for his patently frivolous renewed motion to depose Donald Trump in the form of reimbursement of Mr. Trump's legal fees expended on his January 10 letter as well as this submission, pursuant to Fed. R. Civ. P. 37(a)(5)(B), which we estimate to be approximately $6000 in legal fees; and (4) discovery is closed. Upon entry of such order, Defendant will promptly and as previously advised take the steps necessary to file his dispositive motion.

We thank the Court for his attention to this matter.

Respectfully submitted,

James D. Weinberger

cc: J. Taikwok Yung (by email and First Class Mail)