# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

**Partners**

Ronald J. Lehrman
Stephen Bigger
Roger L. Zissu
Richard Z. Lehv
David Ehrlich
Susan Upton Douglass
Janet L. Hoffman
Peter J. Silverman
Lawrence Eli Apolzon
Barbara A. Solomon
Mark D. Engelmann
Nadine H. Jacobson
Andrew N. Fredbeck
Craig S. Mende
J. Allison Strickland
John P. Margiotta
Lydia T. Gobena
Carlos Cucurella
James D. Weinberger
David Donahue
Nancy E. Sabarra
Charles T.J. Weigell III
Laura Popp-Rosenberg
Cara A. Boyle

**Counsel**

James D. Silberstein
Joyce M. Ferraro
Robert A. Becker
Michael Chiappetta
Tamar Niv Bessinger
Nancy C. DiConza

**Associates**

Karen Lim
Casey M. Daum
Xiomara Triana
Jason Jones
Alexander L. Greenberg
Lesley J. Matty
Giselle C.W. Huron
Anna Leipsic
Leo Kittay
Carissa L. Alden
Jacqueline M. Russo
Todd Martin

February 3, 2012

**BY CM/ECF**

The Honorable Dora L. Irizarry, U.S.D.J.
United States District Court for
  the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Yung v. Trump*, No.: 1:11-cv-1413 (DLI) (VVP) (Our Ref.: TRMP 10/08087)

Dear Judge Irizarry:

We represent Defendant/Counterclaim-Plaintiff Donald J. Trump ("Defendant") in this matter.   We write to request a pre-motion conference, pursuant to Your Honor's Individual Rule IV.A.2 & 3, regarding our intention to file a summary judgment motion seeking the dismissal of all claims asserted by Plaintiff *pro se* J. Taikwok Yung ("Plaintiff") and granting certain counterclaims asserted by Defendant, including those for federal trademark infringement, unfair competition, and cybersquatting, as well as related state law counterclaims.[1]

Background:  Plaintiff, a self-styled internet "domainer" who "acquire[s] interesting and high value domain names" (Complaint at § 3), has registered hundreds of internet domain names including four that contain Defendant's TRUMP name and trademark. The four domain names are *trumpmumbai.com*, *trumpindia.com*, *trumpbeijing.com* and *trumpabudhabi.com*.  Plaintiff's actions are a classic example of cybersquatting and the parties have already litigated their dispute regarding rights to these domain names before a panel of the World Intellectual Property Organization ("WIPO"), pursuant to Uniform Dispute Resolution Procedure ("UDRP").   In the UDRP proceeding *Trump v. Web-Adviso*, WIPO Case No. D2010-2220, the WIPO panel found that each at-issue domain name was confusingly similar to the TRUMP trademark, that Plaintiff had no legitimate interest in the domain names and that Plaintiff registered and is using the domain names in bad faith.  Rather than accept the WIPO panel's reasoned findings, Plaintiff filed this frivolous declaratory judgment action – which blocks WIPO's ability to enforce its decision – in an attempt to persuade the Court that the world-famous TRUMP mark is invalid and unenforceable and/or that the domain names do not infringe Defendant's TRUMP mark.  Defendant subsequently asserted related counterclaims.

---

[1] Defendant will not be seeking summary judgment on his counterclaims for federal and state trademark dilution (Counterclaims III and VII, respectively) because, *inter alia*, the relief available under such claims is duplicative of the relief available under the claims that will be included in the motion.  In the event that Defendant's motion is granted in full, we will seek the Court's approval to dismiss those remaining counterclaims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and (c), completely resolving the action.

The Honorable Dora L. Irizarry, U.S.D.J.
February 3, 2012
Page 2

Defendant now intends to move for summary judgment against Plaintiff as to Plaintiff's two declaratory judgment claims and several of Defendant's counterclaims.

<u>Counterclaims I and II – Federal Trademark Infringement and Unfair Competition</u>:  In order to prevail on these counterclaims, Defendant must prove that (1) Defendant owns valid and legally protectable marks and (2) Plaintiff's use of Defendant's marks "would likely cause confusion as to the origin or sponsorship of [Plaintiff's] goods with [Defendant's] goods."  *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 114 (2d Cir. 2009).[2]  There is no genuine issue of material fact as to these elements. Defendant will show his widespread use of and federal trademark registrations for the TRUMP mark and myriad TRUMP-formative marks (including incontestable registrations, which constitute conclusive evidence of Defendant's rights therein) in connection with related goods and services.  Moreover, Defendant will show that he has a long-standing practice of adding the names of geographic locations in which he has real estate interests to his TRUMP mark to form domain names and to use these domain names to market and promote the TRUMP brand.  *See, e.g.*, *trumpchicago.com*; *trumphollywood.com*; *trumpistanbul.com.tr*.  Because Plaintiff has mimicked this practice, adding city and country names associated with Defendant's real estate interests to Defendant's TRUMP mark, Plaintiff's domain names are imperceptibly different from Defendant's and likelihood of confusion is irrefutable.  Plaintiff aims to cause consumer confusion and consumers believe the sites are sponsored or approved by Defendant.

<u>Counterclaim IV – Cybersquatting</u>:  Plaintiff's actions fall squarely within the conduct proscribed by the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2).  In order to establish cybersquatting, Defendant must prove that (1) he possesses a valid, protectable trademark; (2) the infringing domain names are identical or confusingly similar to Defendant's trademark; and (3) Plaintiff used the infringing domain names with the bad faith intent to profit from the goodwill associated with the trademark.  *Id.* § 1125(d)(1)(A).  Defendant has sufficient, undisputed evidence to prove the first two elements of this claim, as explained above.  Indeed, Plaintiff "has no intellectual property rights in the [domain names], as [he] had not used the name[s] in commerce prior to registration."  *N.Y.C. Triathlon, L.L.C. v. NYC Triathlon Club*, 704 F. Supp. 2d 305, 324 (S.D.N.Y. 2010).  Defendant will show Plaintiff's bad faith intent to profit by submitting, *inter alia*, Plaintiff's own correspondence with Defendant, in which he rejected Defendant's offer to pay Plaintiff registration and transfer costs associated with the infringing domain names.  Instead, Plaintiff demanded greater compensation

---

[2] Claims for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a), and for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), require proof of the same elements and are measured by identical standards.  *See Starbucks*, 588 F.3d at 114; *Frederick Warne & Co. v. Book Sales Inc.*, 481 F. Supp. 1191, 1198 (S.D.N.Y. 1979).  Defendant's Counterclaims V and VI, based on New York unfair competition and deceptive and unfair trade practices "mirror" the federal claims.  *ESPN, Inc. v. Quiksilver, Inc.*, 586 F. Supp. 2d 219, 230 (S.D.N.Y. 2008) (unfair competition); *see Gucci Am., Inc. v. Gucci*, No. 07 Civ. 6820 (RMB), 2009 WL 8531026, at *23 n.17 (S.D.N.Y. Aug. 5, 2009) (unfair competition and deceptive and unfair trade practices "analyzed under the same standard").

The Honorable Dora L. Irizarry, U.S.D.J.
February 3, 2012
Page 3

based on his websites' internet traffic.  However, this modest internet traffic exists even though Plaintiff has never promoted or advertised the sites in any way, indicating that virtually all the traffic results from goodwill associated with the TRUMP mark. *Starbucks*, 588 F.3d at 105-06.

<u>Plaintiff's Declaratory Judgment Claims</u>:   Deciding the counterclaims will resolve Plaintiff's declaratory judgment claims *in their entirety*.  Plaintiff alleges that his use of the at-issue domain names does not constitute cybersquatting (Claim I) and that Defendant's TRUMP mark is invalid (Claim II).  If Defendant is able to demonstrate cybersquatting (Counterclaim IV) and that the TRUMP mark is valid (a required element of Counterclaims I, II and IV), Plaintiff's claims will automatically fail.

We appreciate Your Honor's consideration of the foregoing request for a pre-motion conference.  With the Court's leave, Defendant would anticipate filing his summary judgment motion within thirty (30) days after the pre-motion conference.

Respectfully submitted,

James D. Weinberger

cc:      J. Taikwok Yung (by email and First Class Mail)