```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
J. TAIKWOK YUNG d/b/a WEB-ADVISO,            :
                    pro se,                  :       SUMMARY ORDER ADOPTING
                                             :       REPORT AND RECOMMENDATION
                            Plaintiff,       :       11-CV-1413 (DLI)(VVP)
                                             :
                -against-                    :
                                             :
DONALD J. TRUMP,                             :
                                             :
                            Defendant.       :
------------------------------------------------------------ x
```

**DORA L. IRIZARRY, U.S. District Judge:**

On February 28, 2013, this Court granted summary judgment against the *pro se* plaintiff-counterclaim defendant J. Taiwok Yung d/b/a Web-Adviso ("Plaintiff"), concluding that Plaintiff had violated the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), through his ownership of four domain names that intentionally exploited the trademarked surname of defendant-counterclaim plaintiff Donald J. Trump ("Defendant"). (*See* Opinion & Order, Dkt. Entry No. 56.) Defendant then moved for statutory damages (*see* Defendant's Motion for Damages, Dkt. Entry No. 58), which this Court referred to the Honorable Viktor V. Pohorelsky, United States Magistrate Judge, for a Report and Recommendation ("R&R"). Amid briefing on that motion, Plaintiff moved for leave to file a sur-reply brief. (*See* Plaintiff's Motion for Leave, Dkt. Entry No. 73.)

On February 28, 2014, Magistrate Judge Pohorelsky issued a R&R, which recommended: (1) denying Plaintiff's request for leave to file a sur-reply brief; and (2) granting Defendant's Motion for Damages; (3) awarding Defendant $8,000 per infringing domain name, for a total judgment of $32,000; and (4) ordering Plaintiff to transfer his interest in the domain names trumpmumbai.com, trumpindia.com, trumpbeijing.com, and trumpabudhabi.com to the

Defendant.  (*See* R&R, Dkt. Entry No. 75.)  On February 11, 2014, Plaintiff filed timely objections to the R&R.  (*See* Plaintiff's Objections ("Obj."), Dkt. Entry No. 77.)  For the reasons set forth below, the R&R is adopted in its entirety.

## DISCUSSION

Where a party objects to an R & R, a district judge must make a *de novo* determination with respect to those portions of the R & R to which the party objects.  *See* FED. R. CIV. P. 72(b); *United States v. Male Juvenile*, 121 F. 3d 34, 38 (2d Cir. 1997).  If, however, a party makes conclusory or general objections, or attempts to relitigate the party's original arguments, the court will review the R & R for clear error.  *Robinson v. Superintendent, Green Haven Correctional Facility,* 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)).  The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Plaintiff's objections are nothing more than an attempt to relitigate the issues he briefed during summary judgment and are void of any arguments as to why the recommendations contained in the R&R should be rejected or modified.  The Court has reviewed the R&R's well-reasoned and detailed analysis for clear error and has found none.  Accordingly, the Court hereby adopts the R&R in its entirety.

## CONCLUSION

Upon due consideration, the R&R is adopted in its entirety.  Accordingly, Plaintiff's motion for leave to file a sur-reply brief is denied.  Defendant is awarded $8,000 per infringing domain name, for a total judgment of $32,000.  Plaintiff is ordered to transfer his interest in the domain names trumpmumbai.com, trumpindia.com, trumpbeijing.com, and trumpabudhabi.com

to Defendant. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 26, 2014

                                                /s/
                                DORA L. IRIZARRY
                         United States District Judge