UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
J. TAIKWOK YUNG d/b/a WEB ADVISO, *pro se*, :
:
Plaintiff, :
: **SUMMARY ORDER**
: 11-cv-1413 (DLI)(VVP)
-against- :
:
DONALD J. TRUMP, :
:
Defendant. :
------------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On February 28, 2013, this Court granted summary judgment against the *pro se* plaintiff-counterclaim defendant J. Taiwok Yung d/b/a Web-Adviso ("Plaintiff"), concluding that Plaintiff had violated the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), through his ownership of four domain names that intentionally exploited the trademarked surname of defendant-counterclaim plaintiff Donald J. Trump ("Defendant"). (*See* Opinion & Order, Dkt. Entry No. 56.) Defendant then moved for statutory damages (*see* Defendant's Motion for Damages, Dkt. Entry No. 58), which this Court referred to the Honorable Viktor V. Pohorelsky, United States Magistrate Judge, for a Report and Recommendation ("R&R"). On February 28, 2014, Magistrate Judge Pohorelsky issued a R&R, which recommended: (1) denying Plaintiff's request for leave to file a sur-reply brief; and (2) granting Defendant's Motion for Damages; (3) awarding Defendant $8,000 per infringing domain name, for a total judgment of $32,000; and (4) ordering Plaintiff to transfer his interest in the domain names trumpmumbai.com, trumpindia.com, trumpbeijing.com, and trumpabudhabi.com to the Defendant. (*See* R&R, Dkt. Entry No. 75.) On March 26, 2014, the Court adopted the R&R (*see* Summary Order, Dkt. Entry No. 79), over Plaintiff's objections.

On April 25, 2014, Plaintiff filed the instant motion, which the Court construes as a motion for reconsideration of the Court's summary judgment decision, as well as the Court's adoption of the R&R. (*See* Plaintiff's Motion for Reconsideration ("Pl. Mot."), Dkt. Entry No. 84.) For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

**DISCUSSION**

This Order is written for the benefit of the parties and familiarity with the underlying facts and issues is presumed.[1] The Court construes Plaintiff's motion liberally, as is required for *pro se* submissions.[2]

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hinds County, Miss. v. Wachovia Bank N.A.*, 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010) (citation and internal quotation marks omitted). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion. *Id.*; *United States v. Gross*, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. *Gross*, 2002 WL 32096592 at *4.

---

[1] A detailed discussion of the factual background of this case is set forth in this Court's February 28, 2013 summary judgment decision. (*See* Op. & Or., Dkt. Entry No. 56.)

[2] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases there is a "greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

Plaintiff has made no showing of a change in the controlling law or the need to correct a clear error or to prevent manifest injustice. He has presented no new evidence or legal arguments in support of his motion; rather, he seeks to relitigate issues previously resolved by this Court. Accordingly, Plaintiff's motion for reconsideration is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
        March 3, 2015

                                                    /s/
                                            DORA L. IRIZARRY
                                          United States District Judge